OPINION OF THE COURT
William C. Barrett, J.
Defendant is on trial upon charges of driving while under the influence of alcohol and driving while intoxicated. As foundation for the admission into evidence of breathalyzer test results, the People have shown that the test was performed pursuant to section 1194 (subd 1, par [1]) of the Vehicle and Traffic Law and that the person who performed the test possessed a permit to do so issued by the Department of Health.
The test operator also testified that he performed the test in accordance with a checklist which was received in evidence. He also testified that he had several certificates from the New York State Police Laboratory in Albany indicating that the machine he used had been properly calibrated and that the test ampoules and simulator solutions were accurately prepared. The prosecutor asked the test operator if the certificates were records kept in the ordinary course of business. He replied that they were and *487 the certificates of analysis and calibration were offered into evidence. Due to a lack of foundation, they were not received in evidence.
The prosecutor now offers the certified test results under CPLR 4518 (subd [c]) independent of the testimony of the test operator.
The court finds that the certification or authentication of these records was also insufficient under CPLR 4518 (subd [c]). Although the certificates do state that the records are business records kept in the ordinary course of business, nowhere is it stated that “it was in the regular course of * * * business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” as required by CPLR 4518 (subd [a]). There is, in fact, a variance of between three days and nine months from the date of the tests to the date of the authenticating certificates in this case. Defendant’s objection to the receipt in evidence of these records under CPLR 4518 (subd [c]) is sustained. The authentication of the certificates of testing and analysis must be properly dated and executed to be introduced under CPLR 4518 (subd [c]). (People v Gower, 42 NY2d 117.)
Defendant argues that the breathalyzer test results cannot be received in evidence without the certified proof of calibration, ampoule, and simulator solution test results. The People are willing to concede the point. The court finds otherwise.
The result of the breathalyzer test is admissible under sections 1194 and 1195 of the Vehicle and Traffic Law without the documentary evidence that the breathalyzer equipment was in proper working order and that the ampoules used contained properly compounded chemicals. (See Vehicle and Traffic Law, § 1194, subd 9.)
“Breathalyzer equipment and procedures have become familiar and their use is now commonplace. Reliability has been demonstrated and the results of such testing where properly performed are universally accepted. This is not to-say, however, that no foundation should be any longer required for introduction of breathalyzer evidence. It is to *488 say that there may now appropriately be some relaxation of the rigorous prerequisites properly required to authenticate the reliability of the scientific equipment and procedures where they were first employed. Based on a wealth of practical experience greater dependence can now properly he placed on according full opportunity, through pretrial discovery and other means, to test and challenge the probative worth of the■ evidence. Thus, emphasis may be shifted from technical issues of admissibility of evidence to means for measuring its persuasive weight. No precise or even general guidelines can be laid down in advance; necessarily the requirements in each case will depend on the peculiar circumstances of that case.” (People v Gower, supra, at pp 121-122; emphasis added.)
Sufficient foundation was laid without the authenticated certificates. Defendant did not test or challenge the reliability of the breathalyzer equipment or the test ampoules in any pretrial proceeding. Nor did he offer any evidence at trial that the equipment was not functioning or that the ampoules contained improperly compounded chemicals. There is no hard and fast rule that such certificates must be introduced before the breathalyzer test results can be received in evidence. The sufficiency of the foundation for the introduction of breathalyzer test results must be decided on a case-by-case basis. (People v Gower, supra, at p 122.)