■ BASIL T. ELMER, JR., et al., Appellants, v VILLAGE OF HONEOYE FALLS, Respondent. — Order unanimously affirmed, without costs, in accordance with the following memorandum: The complaint herein was properly dismissed. Plaintiffs failed to commence the action within the 18-month period governing contract actions against a village (CPLR 9802). While it is true that in a proper case a municipality may be estopped from asserting a Statute of Limitations defense (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; 17 McQuillin, Municipal Corporations [3d ed], § 49.07, p 138), plaintiffs produced no proof of affirmative misconduct or misrepresentation by the village which precluded them from bringing their action in a timely manner (cf. *Simcuski v Saeli,* 44 NY2d 442; *General Stencils v Chiappa,* 18 NY2d 125; *Dupuis v Van Natten,* 61 AD2d 293; *Robinson v City of New York,* 24 AD2d 260; *Debes v Monroe County Water Auth.,* 16 AD2d 381; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, app dsmd 11 NY2d 754). (Appeal from order of Supreme Court, Monroe County, Kennedy, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN IPPOLITO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction, after jury trial, of the felony of driving with more than .10% of alcohol in his blood (Vehicle and Traffic Law, § 1192, subds 2, 5) and of the traffic infraction of driving without headlights (Vehicle and Traffic Law, § 375, subd 2, par [a], cl 1). We affirm. ¶ The defendant's sole defense at trial was that the breathalyzer test result (.13%) was inaccurate and unreliable. On appeal defendant argues that the court's charge to the jury was improper in that it created a conclusive presumption that if the breathalyzer test was properly administered, defendant must be found guilty of a violation of the Vehicle and Traffic Law (§ 1192, subd 2). The court gave a supplemental charge stating that "you may presume it, but obviously the presumption may be rebutted by other evidence you may properly consider." ¶ The court's charge on the breathalyzer was correct and in accord with precedent which clearly indicates that there is no longer any question about the general reliability of the breathalyzer test when properly administered by a qualified operator (*People v Gower,* 42 NY2d 117; *People v Donaldson,* 36 AD2d 37). There is no legal basis for the charge requested by the defendant, that "the jury must find the test was based on a valid scientific theory before they accept it as evidence" and the court properly refused to give such a charge. ¶ The court permitted the defendant to present expert testimony that the breathalyzer test was not accurate. The court charged the jury that they could give whatever weight they wanted to such testimony and the jury obviously rejected it. ¶ The other issues raised are without merit. (Appeal from judgment of Supreme Court, Monroe County, Corning, J. — driving while intoxicated.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.