■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE G. FREELAND, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 22, 1983, upon a verdict convicting defendant of two counts of the crime of operating a motor vehicle while under the influence of alcohol.

Defendant was convicted, after trial, of driving with a blood alcohol level of at least .10% (Vehicle and Traffic Law § 1192 [2]) and the lesser included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) under the second count of the indictment, which charged defendant with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). By virtue of a prior conviction on October 1, 1975, the crime of driving with a blood alcohol level of at least .10% achieved felony status. Defendant was sentenced to 90 days' intermittent incarceration and five years' probation, plus a fine.

On this appeal, defendant contends that since the trial court ruled that the certificates of calibration of the breathalyzer, the test ampoules and the simulator solution were inadmissible for lack of proper foundation, the result of the breathalyzer test should also have been suppressed. Despite its ruling on the certificates, the trial court admitted such results showing a .13% blood alcohol level.

We disagree with defendant's claim. The certificates ruled inadmissible here are not indispensible to the admission of the breathalyzer results since "there is no longer any question about the general reliability of the breathalyzer test when properly administered by a qualified operator" *(People v Ippo-*

*lito,* 100 AD2d 734), and there is proof here that the test was properly administered by a qualified operator. Defendant's contention is more appropriately addressed to the weight that should be accorded to the result of the breathalyzer test than to its admissibility *(see, People v Gower,* 42 NY2d 117, 121-122).

We also reject defendant's claim concerning the validity of the predicate conviction.

Judgment affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.