OPINION OF THE COURT
Rose La Mendola, J.
This is an appeal from a judgment of the Justice Court of *787 the Village of Angola (Herold, J.), entered at the conclusion of a nonjury trial in which the defendant was convicted of driving with .10 of 1% or more by weight of alcohol in the blood (Vehicle and Traffic Law § 1192 [2]).
During the defendant’s trial and in an effort to lay a foundation for testimony regarding defendant’s blood alcohol content, the People sought to introduce into evidence records relating to the calibration of the breathalyzer and the breath analyzer ampoules to show that both the machine and the solution used to test for defendant’s blood alcohol content were in proper order. Defendant’s objection to these documents upon the basis, inter alla, that the certifications thereof were not contemporaneously dated with the records themselves was denied and they were thereafter admitted into evidence.
Upon this appeal the defendant again argues that the calibration and ampoule records were erroneously entered into evidence. He notes that the certification of the calibration test was dated some 17 days after its performance, whereas the analysis of the ampoules was certified some four months and 10 days thereafter. Citing the decisions of the Court of Appeals in People v Mertz (68 NY2d 136) and People v Free-land (68 NY2d 699) as well as that of the Fourth Department in People v Garneau (120 AD2d 112) defendant argues that the disparity in dates between the tests and their certification violates the contemporaneous recording rule which exists under the aegis of CPLR 4518 (a) and (c). Defendant has misconstrued the cases upon which he relies.
In People v Mertz (supra) the court found that it was error to admit into evidence records which did not establish that the entries were made at the time of the acts recorded in them or within a reasonable time thereafter (People v Mertz, supra, 68 NY2d, at 147). Further, the certifications too did not show that the entries in the records sought to be introduced were made contemporaneously with the recorded acts or within a reasonable time thereafter (People v Mertz, supra, 68 NY2d, at 147-148). Thus, in Mertz (supra) the People failed to produce evidence that the conduct of the test and the recordation thereof were contemporaneous with one another.
In People v Freeland (supra) the court reversed a Third Department affirmance (116 AD2d 765) of a trial court’s ruling that the results of a breathalyzer test are admissible without documentary evidence that the breathalyzer was in proper *788 working order and that the ampoules used contained properly compounded chemicals. The court did not address the issue of contemporaneous recording, noting that "on the state of this record, we have no occasion to determine what nature, quantity and quality of proof is required to establish these foundational requirements, because there was no such proof in this case” (People v Freeland, supra, 68 NY2d, at 701).
While it is true that the trial court in Freeland (supra) did address the matter of contemporaneous recording, its decision was not inconsistent with that in People v Mertz (supra). That is, the trial court ruled the documentary evidence inadmissible because the certificates of authentication did not recite that the records sought to be introduced were made in the regular course of business at the time of the act or event recorded or within a reasonable time thereafter (People v Freeland, 118 Misc 2d 486, 487).
In People v Garneau (supra) the court was presented with records and certifications thereof which did not show that the acts or events recorded were done at the time the entries were made or within a reasonable time thereafter. Quoting the language of the Court of Appeals in People v Mertz (supra) the court found that none of the documentary exhibits offered against the defendant satisfied the requirement "that a certification made pursuant to CPLR 4518 (c) must 'set forth that the entries in the certified record were made at the time of the events they record or within a reasonable time thereafter’ ” (People v Garneau, 120 AD2d 112, 115, supra, citing People v Mertz, supra, 68 NY2d, at 148).
What the foregoing cases clearly establish is that in order for documentary evidence, necessary to meet foundational requirements for the introduction of breathalyzer test results, to be admitted into evidence under CPLR 4518 (a) and (c), their certifications must show that the entries into the records were made at the same time as the test was performed or within a reasonable time thereafter. None of the cases hold that the certificate itself must be dated on the same date as the document which it certifies or within a reasonable time thereafter.
Defendant’s failure to appreciate the foregoing distinction may stem from the Garneau court’s analysis of the particular exhibits before it. That is, of the four exhibits tendered by the People in the trial court, none of which included a certificate reciting that the entries in the record it was certifying were *789 made at the time the testing was done or within a reasonable time thereafter, one was accompanied by a certificate dated the same date as the testing occurred. (People v Garneau, supra, at 115.) Because the entries would therefore have had to have been made at the same time as the testing was done, the court, in dicta, indicated that the fact of simultaneous dating itself might satisfy the contemporaneous recording requirement. Further, because the remaining exhibits were dated at times which varied as much as 11 days to 7 months from the date of the certificate and because the certificate did not itself recite that the entries were made at or around the time that the tests were performed there was no evidence that the test results were recorded contemporaneously with their performance, and, for this reason, they were inadmissible. (People v Garneau, supra, at 115.)
Turning to the exhibits at issue on this appeal, both are accompanied by certificates which state that the particular record was made at the time of the event recorded or within a reasonable time thereafter. Therefore, the matters recorded therein were entered in the contemporaneous manner contemplated by both CPLR 4518 (a) and (c) as well as the foregoing case law.
With respect to defendant’s claim that the certificates of authentication themselves were defective because they were not accompanied by independent evidence demonstrating the authority of the respective agents to perform the authentication is rejected as being without merit. Both certificates demonstrate that authority to authenticate has been properly delegated and no independent evidence thereof is necessary.
Finally, defendant’s claim that he did not knowingly waive his right to a jury trial is denied upon the basis that defendant has failed to raise this issue in the court below, thus precluding appellate review.
In view of all of the foregoing, the judgment appealed from is affirmed.