■ HENRY A. GALLO, Respondent, et al., Plaintiff, v COUNTY OF WESTCHESTER, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 10, 1988, as conditionally denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Henry Gallo as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted by the plaintiff Henry Gallo is granted, and that branch of the complaint is dismissed.

The record contains no evidence of any affirmative misconduct or misrepresentation on the part of the defendant which can be said to have induced the reasonable reliance of the plaintiff Henry Gallo in failing to timely commence this action *(see, Matter of Pherbo Realty Corp. v Board of Assessors,* 104 AD2d 1037; *Elmer v Village of Honeoye Falls,* 100 AD2d 734). Contrary to this plaintiff's contention, the ambiguous lan-

guage contained in the letters confirming the numerous adjournments of the oral examinations to be held pursuant to General Municipal Law § 50-h, all of which adjournments were requested by him, cannot be said to constitute the type of written stipulation upon which the First Department relied in *Robinson v City of New York* (24 AD2d 260) in applying the doctrine of equitable estoppel to preclude the defendant city from asserting the Statute of Limitations as a defense. As this court has previously held, estoppel should not lightly be invoked against the State or a subdivision thereof, and will only be so invoked when justified by the facts or when necessary to prevent manifest injustice *(Eden v Board of Trustees,* 49 AD2d 277, 283-284). Thompson, J. P., Brown, Eiber and Miller, JJ., concur.