■ MARY E. ALLEN et al., Appellants, v BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT No. 20 et al., Respondents.—In an action for a judgment declaring that the defendants are required to continue to pay 100% of the cost of the health insurance benefits now being provided to the plaintiffs, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCabe, J.), dated February 22, 1990, which, upon converting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 into a motion for summary judgment pursuant to CPLR 3212, granted the motion and thereupon dismissed the complaint.

Ordered, that the order and judgment (one paper) is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

For several years prior to 1988, the defendant Board of Education of the Lynbrook Union Free School District (hereinafter the Board) had been paying 100% of the health insurance premiums for its retirees, as part of what the Superintendent of Schools characterizes as a "discretionary policy", rather than as a matter of contractual obligation. This "policy" was significantly altered in June 1988 when the Board resolved to reduce its health insurance premium contributions for all retired employees over the age of 65 years.

The plaintiffs are retired employees of the Board. In their first cause of action, they assert that the resolution to reduce health insurance contributions constitutes an "anticipatory

and a MATERIAL BREACH" of their contract with the defendants. In their second cause of action, they allege that the defendants' representatives promised them that the defendants would pay 100% of the cost of health insurance premiums for their lifetimes, and that several of them relied on this promise in deciding to retire from their employment. The plaintiffs allege that, under these circumstances, the defendants are estopped from reducing contributions.

Finding that there was neither an express nor an implied agreement between the parties requiring the lifetime continuation of the defendants' policy of paying 100% of its retirees' health insurance premiums, and holding that their benefits were not protected by NY Constitution, article V, § 7, the Supreme Court, relying on the case of *Matter of Lippman v Board of Educ.* (66 NY2d 313, 315), granted summary judgment to the defendants. Since we believe that questions of fact exist with respect to the possible applicability of the doctrine of promissory estoppel, a doctrine which was not at issue in the *Lippman* case *(supra)*, we reverse.

A governmental agency may be subject to estoppel when a manifest injustice has resulted from actions taken in its proprietary or contractual capacity *(see, e.g., Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *Landmark Colony v Board of Supervisors,* 113 AD2d 741, 743-744; 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 68). An estoppel may be imposed in such cases when the public agency's misconduct has induced justifiable reliance by a party who then changed his position to his detriment *(see, Andersen v Long Is. R. R.,* 88 AD2d 328, *affd* 59 NY2d 657; 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 68).

In the present case, there is evidence that several plaintiffs were induced to retire as a result of the representations made to them that they had a secure right to have the defendants make lifetime health insurance premium contributions. Issues of fact exist as to whether such assertions were in fact made, and by whom, and as to whether the defendants explicitly or implicitly authorized the making of such assertions. There are also issues of fact as to whether any of the plaintiffs in fact relied on such assertions, and if so, whether their reliance was justified under all the circumstances of this case. The existence of these and other material issues of fact as to whether the doctrine of promissory estoppel should be applied, warrants the denial of summary judgment. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.