■ NEWBURGH FIRE DEPARTMENT FUND, Appellant, v CITY OF NEWBURGH, Respondent.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered July 9, 1990 in Orange County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

The complaint alleges that plaintiff is an unincorporated volunteer association entitled to receipts from taxes collected on premiums for fire insurance on real property within the City of Newburgh in Orange County paid to foreign insurance companies *(see,* Insurance Law §§ 9104, 9105) pursuant to Laws of 1936 (ch 589) (hereinafter the Special Law). Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court granted defendant's cross motion and dismissed the complaint. On this appeal, plaintiff contends the proof offered by defendant in support of its cross motion was insufficient to entitle it to summary judgment.

Initially, we note that since plaintiff has not pursued the denial of its summary judgment motion in its brief, we deem that point abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901). The Special Law provided for distribution of the revenue collected from the tax on certain

fire insurance premiums to a voluntary association known as the Newburgh Fire Department Fund of Newburgh, New York. However, it further provided that if at any time there were no remaining volunteer fire companies in the City of Newburgh, the entire amount of the moneys collected should be paid to the Veteran Firemen of Newburgh, New York, Inc. Plaintiff submitted an affidavit stating that the volunteer fire companies in the City of Newburgh ceased to exist after 1986 and that it was their representative at that time. Since the subject tax revenue was collected in the year 1989 when the volunteer fire companies were no longer in existence, the statute requires the premium tax revenue be distributed to the Veteran Firemen of Newburgh, New York, Inc. Plaintiff failed to submit proof in admissible evidentiary form to demonstrate that it represents that corporation and, therefore, summary judgment dismissing the complaint was wholly appropriate.

Casey, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.