■ WILLIAM J. BAXTER, JR., et al., Appellants, v COUNTY OF SUFFOLK, Respondent, et al., Defendant. [607 NYS2d 972] —In an action, *inter alia,* to recover damages for breach of contract,

the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 14, 1992, which dismissed their complaint and denied their cross motion for disclosure pursuant to CPLR 3124 and 3212 (f).

Ordered the order is affirmed, with costs.

The plaintiffs own property in Southold, New York, known as the Baxter Farm. The plaintiffs contend that they duly accepted an offer by the defendants to purchase the Baxter Farm, and that several resolutions passed by the Suffolk County Legislature and the Town Board of the Town of Southold constituted a valid and enforceable contract and satisfied the Statute of Frauds. We disagree. Each resolution merely authorized the County of Suffolk to take certain actions with regard to the negotiation of the purchase of the Baxter Farm. None of the resolutions specifically satisfied the Statute of Frauds, in that a material element of the purchase was absent from the resolutions. At best the resolutions constituted an agreement to agree, and therefore are unenforceable under the Statute of Frauds. We find that the record does not indicate the terms of the divided purchases of the Baxter Farm. Consequently, there does not appear to be a meeting of the minds, and the parties never entered into a contract (see, Shepherd v Whispering Pines, 188 AD2d 786; cf., Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144; Village of Lake George v Town of Caldwell, 3 AD2d 550, affd 5 NY2d 727).

We further find that the doctrine of equitable estoppel does not apply. A municipality may be subject to estoppel when a manifest injustice has resulted from actions taken in its proprietary or contractual capacity (see, Allen v Board of Educ., 168 AD2d 403). Here, because the resolutions were not contractual in nature, the passage of the resolutions constituted a governmental act, and, therefore, the County of Suffolk was not bound by estoppel. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.