CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent, v VILLAGE OF FREEPORT, Appellant. [644 NYS2d 777]

The plaintiff is an employee organization which represents certain municipal employees pursuant to a collective bargaining agreement with the Village of Freeport. In 1986, the Village, by its own initiative, commissioned a so-called "comparable worth" study to determine proper grades and titles for its employees. The Village subsequently adopted the findings of the study and voted to implement the upgraded schedule of salaries over a five-year period that began in 1988. The plan specifically excluded current employees whose job grade was lowered as the result of the new grading system.

In 1991, the Village temporarily suspended the program due to fiscal difficulties. The plaintiff subsequently commenced the instant action claiming that the Village's plan constituted a valid and enforceable agreement which satisfied the Statute of Frauds. The Village thereafter moved for summary judgment dismissing the complaint, asserting that no agreement existed between the parties. The Supreme Court denied the motion.

The Supreme Court erred by not awarding the Village summary judgment and by determining that "a legal agreement existed between the parties". There is no evidence in the record that the plaintiff either proposed the "comparable wage plan" or that it subsequently entered into an agreement to compel such changes. Rather, the record demonstrates that the plaintiff did not object to or negotiate the planned upgrades for the Village employees. In fact, the plaintiff's evidence that it

was involved in the comparable wage plan is limited to proof that it requested exemptions for certain employees. Accordingly, there does not appear to be a meeting of the minds and the parties never entered into a formal contract *(see, Bauman Assocs. v H & M Intl. Transp.,* 171 AD2d 479; *see also, Baxter v County of Suffolk,* 201 AD2d 603; *Shepherd v Whispering Pines,* 188 AD2d 786; *Village of Lake George v Town of Caldwell,* 3 AD2d 550, *affd* 5 NY2d 727). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.