■ In the Matter of THERESA BRANCA et al., Respondents, v BOARD OF EDUCATION, SACHEM CENTRAL SCHOOL DISTRICT AT

HOLBROOK, et al., Appellants. [657 NYS2d 445] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Board of Education of the Sachem Central School District at Holbrook, to pay to the petitioners compensation and fringe benefits in accordance with a resolution adopted by the Board on June 17, 1980, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered January 24, 1996, which granted the petition.

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The petitioners were employed by the respondent Sachem Central School District at Holbrook (hereinafter the District) in classified civil service positions. Initially, several of the petitioners were public employees, and as such were members of the Sachem Office Staff Association (hereinafter SOSA), a collective bargaining unit. The respondent Board of Education of the Sachem Central School District at Holbrook (hereinafter the Board) decided to change several of the petitioners' designations to "confidential/managerial", requiring them to relinquish their memberships in SOSA. On June 17, 1980, the Board passed a resolution stating that employees whose job titles were formerly included in the SOSA bargaining unit but were now designated as confidential would nonetheless receive the increases in compensation and the fringe benefits provided for in the collective bargaining agreement between the District and SOSA (hereinafter the Resolution). The remaining petitioners accepted positions with the District that had already been designated confidential at the time they started working. The Board paid all of the petitioners in accordance with the terms of the collective bargaining agreement, as provided for in the Resolution, until February 1995, when the Board entered into a new labor agreement with SOSA. Thereafter, the Board denied the petitioners the increases in compensation and the benefits provided in the new labor agreement. On May 11, 1995, the petitioners filed a notice of claim with the Board seeking to be awarded the increases, arguing that they were entitled to them in accordance with the Resolution. When the Board refused to pay the increases, the petitioners commenced the instant proceeding to compel the Board's compliance with the Resolution. The Supreme Court granted the petition. We now reverse.

We recognize that a governmental agency may be subject to estoppel if it is shown that a manifest injustice resulted from actions taken by the agency in its proprietary or contractual

capacity (*see, Baxter v County of Suffolk,* 201 AD2d 603, 604; *Allen v Board of Educ.,* 168 AD2d 403, 404). However, even assuming that manifest injustice resulted, estoppel may be invoked against a governmental agency only where the misconduct of the agency has induced justifiable reliance by a party who then changes position to his or her detriment (*see, Allen v Board of Educ., supra,* at 404).

In the case at bar, questions of fact exist concerning the possible applicability of the doctrine of promissory estoppel since it is unclear whether any of the petitioners changed their positions to their detriment in reliance upon the Resolution. The petitioners' conclusory assertions that they had the option of accepting non-confidential positions, which would have allowed them to remain members of the bargaining unit, are inadequate to conclude that by accepting or continuing in confidential job titles they thereby changed their positions to their detriment. Accordingly, the court erred in making a summary determination upon the pleadings (*see,* CPLR 7804 [h]; 409 [b]; 410; *Matter of Bahar v Schwartzreich,* 204 AD2d 441, 443).

In light of our determination, we need not reach the remaining issue raised by the appellants. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.