■ In the Matter of 333 E. 89 REALTY L. L. C. et al., Respondents, v NEW YORK CITY WATER BOARD et al., Appellants. [708 NYS2d 155] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Wa-

ter Board denying the petitioners' application to restore a credit for water and sewer charges in the sum of $35,053.90, which was posted to the account of the subject property in error, the appeal is from a judgment of the Supreme Court, Queens County (Lisa, J.), dated January 29, 1999, which granted the petition and directed the appellants to restore the credit.

Ordered that the judgment is reversed, on the law, with costs, the determination of the New York City Water Board is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The annual water and sewer charges for the real property at issue averaged between $11,000 and $13,000. On January 3, 1996, Zabar's & Co., Inc., paid $35,053.90 for its own water and sewer charges, but entered the wrong account number on its check. The payment was then mistakenly credited to the subject property's account.

In May 1996 the New York City Water Board (hereinafter the Water Board) subtracted $12,136.48 representing the water and sewer charges of the subject property for 1995 from the credit, leaving a credit balance of $22,917.42. Thereafter, the petitioner 333 E. 89 Realty L. L. C. (hereinafter Realty) negotiated to purchase the building from its then current owner. After a search conducted by the petitioner Royal Abstract of New York L. L. C., which disclosed the anomalous payment and resulting credit, Realty purchased the premises in July 1996, giving the seller a credit of $11,125.11 based on this incorrect information. In October 1996 the Water Board corrected its records to delete the credit and to reflect that the 1995 water and sewer charges of $12,136.48 were still unpaid. Thereafter, the petitioners sought to have the Water Board restore the credit.

Because the Water Board's determination not to restore the credit had a "rational basis on the record as a whole", it was not "arbitrary or capricious" and should have been confirmed (*Matter of Schmidt & Sons v New York State Liq. Auth.,* 73 AD2d 399, 404, *affd* 52 NY2d 751; CPLR 7803 [3]). The Water Board determined that the petitioners had failed to take reasonable steps to investigate a public record which on its face was extremely irregular. We disagree with the petitioners' contention that the Water Board is estopped from denying their application to restore the credit. Generally, estoppel may not be invoked against a governmental body to prevent it from performing its statutory duty or from rectifying an administrative error (*see, e.g., Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 278, 282, *cert denied* 488 US 801; *Matter of Branca v Board of Educ.,* 239 AD2d 494, 495; *Allen v Board of*

*Educ.,* 168 AD2d 403, 404; *Gallo v County of Westchester,* 162 AD2d 584, 585). "The rare exception to the unavailability of estoppel against governmental entities may not * * * be invoked in this case where reasonable diligence by a good-faith inquirer would have disclosed the true facts and the bureaucratic error" (*Matter of Parkview Assocs. v City of New York, supra,* at 279). O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.