■ In the Matter of the MHG FAMILY LIMITED PARTNERSHIP, Appellant, v NEW YORK CITY WATER BOARD et al., Respondents. [848 NYS2d 144]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered February 1, 2007, which denied the petition challenging a surcharge imposed by respondent Water Board for petitioner's alleged failure to make a timely request to install a water meter, unanimously affirmed, without costs.

The determination of the Water Board was not arbitrary or capricious, nor did it lack a rational basis in the record (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Under the pertinent rate schedules, petitioner was required to submit a request for water meter installation or use a private plumber to install one by June 30, 2000. Department of Environmental Protection (DEP) has no records indicating that petitioner submitted such a request in a timely fashion. There was no evidence of any work order that would have been generated and such a request been received. Petitioner submitted no documentary evidence to support its claim that a request had been made prior to June 30, 2000.

Petitioner contends that its managing agent's letter of June 30, 2000 to respondent Department of Environmental Protection, referring to earlier requests that were allegedly ignored, should have been considered a timely request for water installa-

tion in compliance with the Water Board's rules. However, such letter did not comply with the Water Board's specific rules regarding a "proper request."

DEP was directed, in accordance with the 2001 fiscal year rate schedule, to install or cause to be installed water meters in all premises connected to the City water supply system, and to develop a program to ensure water meter installation. Because it was required to bring some 100,000 customers into compliance with the water meter requirement, DEP established forms and methods to handle the high volume of anticipated requests. In sending out its notifications advising customers of their options regarding meter installation, DEP asked that an Application for Water Meter Installation be completed and returned to its offices, *or* that property owners call by telephone and be prepared to furnish certain specified information. It is undisputed that petitioner never submitted such an application, nor did it call DEP to furnish the required information.

Petitioner complains that the June 30, 2000 letter furnished the same information property owners were directed to have on hand if they chose to call DEP offices. However, while the final notice advised that those who called should be "prepared" to provide such information, nowhere does the final notice state that such information is all that was required. Furthermore, if a property owner called by telephone, DEP personnel would have the ability to ask follow-up questions or to clarify the information supplied. The manner in which petitioner allegedly "requested" meter installation complied with neither the requirements for a written application nor with the required telephone procedure.

The surcharge was properly assessed as of September 16, 2002, the date a meter was finally installed. Although a DEP contractor was on the property on or about March 19, 2001 to replace existing meters, the record reveals that the meters replaced on that occasion belonged to commercial entities on the property, and not the entire premises meters contemplated by the pertinent rules. Concur—Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ.