■ In the Matter of GREENWICH HOUSE HOLDING CORP., Respondent, v NEW YORK CITY WATER BOARD et al., Appellants. [868 NYS2d 527]—

Respondents' decision not to accept petitioner's election of metered billing form as a request for meter installation was not arbitrary and capricious (*see Matter of MHG Family Ltd. Partnership v New York City Water Bd.*, 46 AD3d 472 [2007]). Nor does estoppel apply (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33 [1984]; *Matter of 333 E. 89 Realty v New York City Water Bd.*, 272 AD2d 549, 550 [2000], *lv denied* 95 NY2d 762 [2000]), particularly since respondent Department of Environmental Protection's predeadline March 31, 2000 notice should have alerted petitioner that the election of metered billing form was not being regarded as a request for meter installation. The calculation of petitioner's wastewater charge based on 159% of its water charge, including the surcharge for failing to timely install the meter, was neither arbitrary, capricious, nor a violation of law (*see Haav 575 Realty Corp. v New York City Water Bd.*, 38 AD3d 481 [2007]). To the extent that the decision of the Appellate Division, Second Department, in *Matter of Pistilli Assoc. III, LLC v New York City Water Bd.* (46 AD3d 905 [2007]) calls for a different result, we disagree. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.