(January 19, 2010)

JO ANN AGRESS, Respondent, v CLARKSTOWN CENTRAL SCHOOL DISTRICT, Appellant. [895 NYS2d 432]—

From in or about April 1989 until January 2001, the plaintiff was employed by the defendant, Clarkstown Central School District (hereinafter the School District), as a school psychologist. The plaintiff contends that when she tendered her resignation in late 2000, she was told by one of the School District's employees working in its benefits office that since she was a "vested" employee at the time of her resignation, she was entitled to a continuation of her health benefits as long as she paid the full premiums until she attained 55 years of age. Once she reached the age of 55, the School District would then be responsible for payment of 50% of the premiums. According to the plaintiff, pursuant to the aforesaid arrangement, she received health insurance coverage through the School District for approximately six years. In or around late June 2006, the plaintiff advised the School District that she would be turning 55 in July and that, as a result, it should start to pay 50% of her health insurance premiums. The School District responded that an error had occurred and that the plaintiff had not been entitled to the continuation of her health benefits after she resigned. The School District terminated the plaintiff's health benefits in or around October 2006, compelling her to secure alternate coverage for herself and her family at a much higher cost.

In or about April 2007 the plaintiff commenced this action, inter alia, to recover damages for negligent misrepresentation. The School District moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the negligent misrepresentation and implied contract causes of action. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the third cause of

action based upon promissory estoppel, finding that triable issues of fact existed with respect to the issue of detrimental reliance. The School District now appeals from so much of the order as denied that branch of its motion. We affirm.

"The elements of a cause of action based upon promissory estoppel are a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (*Williams v Eason,* 49 AD3d 866, 868 [2008]). As a general rule, estoppel may not be invoked against a governmental body to prevent it from performing its statutory duty or from rectifying an administrative error (*see Matter of 333 E. 89 Realty v New York City Water Bd.,* 272 AD2d 549, 550 [2000]). An exception to the general rule is "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice" (*Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668 [1976]; *see LoCiciro v Metropolitan Transp. Auth.,* 288 AD2d 353, 354 [2001]). This Court has invoked the doctrine of estoppel against governmental entities where its "misleading nonfeasance would otherwise result in a manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau,* 113 AD2d 741, 744 [1985]; *see Allen v Board of Educ. of Union Free School Dist. No. 20,* 168 AD2d 403, 404 [1990]), such as where the plaintiff has been the victim of bureaucratic confusion and deficiencies (*see Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau,* 113 AD2d at 743-744).

Here, there was evidence that while the representations of the defendant's employee did not induce the plaintiff to resign, once she did resign, she made certain employment and insurance decisions based upon the earlier representations that she was entitled to receive continuing health insurance coverage from the School District. Thus, triable issues of fact exist, inter alia, as to whether those representations were made, whether it was reasonable for the plaintiff to rely upon them if they were made, whether the School District explicitly or implicitly authorized them, and whether the defendant, by affording health insurance coverage to the plaintiff for several years after she resigned, ratified the alleged earlier representations, even if they had been made in error. Accordingly, the Supreme Court properly denied that branch of the School District's motion which was for summary judgment dismissing the third cause of action, based upon promissory estoppel (*see Matter of Branca v Board of Educ., Sachem Cent. School Dist. at Holbrook,* 239

AD2d 494, 495-496 [1997]; *Matter of Augello v Board of Educ. of Lynbrook Union Free School Dist.*, 168 AD2d 445 [1990]; *Allen v Board of Educ. of Union Free School Dist. No. 20*, 168 AD2d at 404).

We decline to consider the School District's contention, raised for the first time in its reply brief, that the plaintiff failed to serve a notice of claim pursuant to Education Law § 3813 (1). While the School District pleaded the failure to serve a notice of claim as an affirmative defense in its answer, thus not waiving the defense (*cf. Flanagan v Board of Educ., Commack Union Free School Dist.*, 47 NY2d 613, 617 [1979]), and may raise the issue at any time before trial (*see Kim L. v Port Jervis City School Dist.*, 61 AD3d 825, 827 [2009]), the issue is not properly before this Court since it was not raised before the Supreme Court. In light of the fact that the plaintiff has not had an opportunity to respond to the contention, since it appeared only in the School District's reply brief, we do not reach it (*cf. Williams v Naylor*, 64 AD3d 588, 588-589 [2009]; *Matter of State Farm Mut. Auto. Ins. Co. v Olsen*, 22 AD3d 673, 674 [2005]).

The School District's remaining contentions are without merit. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.