Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered October 14, 2011, which denied the CPLR article 78 petition seeking to annul the determination of respondent Water Board that there was no overbilling for petitioner’s water usage during the period September 2003 through October 2007, and dismissed the proceeding, unanimously affirmed, without costs.
In light of the evidence of inspections conducted by respondent Department of Environmental Protection, which revealed that the water usage for the grocery store portion of petitioner’s premises was properly monitored, the challenged determination cannot be characterized as irrational and, accordingly, may not be judicially disturbed (see Matter of MHG Family Ltd. Partnership v New York City Water Bd., 46 AD3d 472 [1st Dept 2007]). An administrative agency, “acting pursuant to its authority and within the orbit of its expertise, is entitled to deference, and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency’s determination is supported by the record” (Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428-429 [1st Dept 2007], affd 11 NY3d 859 [2008] [citations omitted]). Thus, while petitioner did submit some evidence indicating that cross plumbing lines might have caused the grocery store meter to include water usage for the residential portion of the building, such evidence is insufficient to warrant reversal of respondents’ determination. Concur— Tom, J.P, Andrias, Renwick and Richter, JJ.