■ LAWRENCE T. CURRIE et al., Respondents, v SCOTT CONTRACTING CORPORATION, Defendant, and EELEASCO, Respondent, and HELDERBERG SIDING COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant; MAIN FORCE, INC., Third-Party Defendant-Respondent. [611 NYS2d 360] —White, J. Appeal from an order of the Supreme Court (Harris, J.), entered April 9, 1993 in Albany County, which, *inter alia,* partially denied a cross motion by defendant Helderberg Siding Company, Inc. for summary judgment.

The issue on this appeal is whether liability under Labor Law § 240 (1) can be imposed upon an employee services company. It appears that in January 1989, defendant Scott Contracting Corporation entered into an employee leasing contract with defendant Eeleasco wherein Eeleasco agreed to provide Scott with employees and to furnish employee payroll services, workers' compensation insurance and employee benefits. Third-party defendant, Main Force, Inc., was also an employee services company whose president was the president of Eeleasco. On June 15, 1989, Scott's president hired plaintiff Lawrence T. Currie for the position of supervisor. The next day Currie was assigned to a roofing job which defendant Helderberg Siding Company, Inc. had subcontracted to Scott. Unfortunately, Currie fell from the roof sustaining personal injuries, and the day after the accident Scott gave Currie's wife a Main Force employment package which she filled out. Although there was no contract between Scott and Main Force, Currie was placed on Main Force's payroll.

In November 1989, plaintiffs commenced this action against Scott and Helderberg alleging negligence, violations of Labor Law §§ 200, 240 (1) and § 241, and derivative losses. Helderberg cross-claimed against Scott and commenced a third-party action against Main Force and Eeleasco for contribution or indemnification. Eeleasco responded by asserting cross claims for the same relief against Helderberg, Main Force and Scott. Plaintiffs thereafter amended their complaint to include a claim against Eeleasco.

Following the completion of discovery, all the parties sought

summary judgment. Supreme Court, *inter alia,* granted the cross motions by Eeleasco and Main Force, dismissing all claims against them. Helderberg appeals.

Labor Law § 240 (1) imposes a nondelegable duty upon all owners, contractors and their agents to furnish or erect suitable devices to protect workers from elevation-related hazards *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559). A third party is considered an agent within the meaning of this statute if it had the authority to supervise or control the work out of which the injury arose regardless of whether said third party actually did so *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *Russin v Picciano & Son,* 54 NY2d 311, 318; *Riley v S & T Constr.,* 172 AD2d 947, 948, *lv denied* 78 NY2d 853).

Applying these principles here, we find that Supreme Court properly granted Main Force's cross motion because the record shows that it had no authority, actual or constructive, to supervise or control the work in which Currie was engaged *(see, Walsh v Sweet Assocs.,* 172 AD2d 111, *lv denied* 79 NY2d 755; *Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, *appeal dismissed* 75 NY2d 947).

With respect to Eeleasco, we reach a different conclusion given the fact that, under its contract with Scott, it could designate an employee or have its own representative act as supervisor to control the work that Scott was performing. Additionally, Scott agreed to comply with any directive or order from Eeleasco regarding health, safety or workplace issues. Inasmuch as these provisions provided Eeleasco with the authority to control or supervise Scott's work, we conclude that Eeleasco was Scott's agent within the meaning of Labor Law § 240 (1). Thus, Supreme Court should not have granted Eeleasco's cross motion for summary judgment against Helderberg and denied Helderberg's cross motion against Eeleasco.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion by defendant Eeleasco for summary judgment dismissing all claims against it by defendant Helderberg Siding Company, Inc. and denied Helderberg's cross motion for summary judgment against Eeleasco; Eeleasco's cross motion denied to that extent and Helderberg's cross motion granted to that extent; and, as so modified, affirmed.