■ JOSE PAZMINO et al., Plaintiffs, v WOODSIDE DEVELOPMENT COMPANY, Defendant and Third-Party Plaintiff-Appel-

lant. VOODOO CONTRACTING CORP. et al., Third-Party Defendants-Respondents. [622 NYS2d 299] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated January 20, 1993, which denied its motion for summary judgment as against the third-party defendants Voodoo Contracting Corp. and Durite Demolition, Inc., on the issue of indemnification.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant third-party plaintiff is granted.

An owner of a work site such as Woodside Development Company (hereinafter Woodside), the defendant third-party plaintiff in this action, which is only vicariously liable under Labor Law §§ 240, 241 is not barred from obtaining indemnification under common-law principles (see, *Kelly v Diesel Constr. Div.,* 35 NY2d 1, 6).

While it is true that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine of implied indemnity (see, *Trustees of Columbia Univ. v Mitchell/Giurgiola Assocs.,* 109 AD2d 449), this record fails to present an issue of fact as to whether Woodside engaged in any such wrongdoing. We stress in this regard that the mere occasional presence at the work site of Woodside partner Abram Shnay did not impose liability on Woodside in the absence of the exercise of supervision or control over the work performed at the site. Pursuant to Labor Law § 200, an owner is not responsible for the negligent acts of others over whom it had no control or direction (see, *Lombardi v Stout,* 178 AD2d 208, 211-212). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.