■ RICHARD L. KINGSTON, JR., Appellant, v HUNTER HIGH-LANDS, a Limited Partnership, Respondent, and DAN TAIT, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendants. UNITED STAFFING, INC., Third-Party Defendant-Respondent. [636 NYS2d 428] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered September 20, 1993 in Albany County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on his first and fourth causes of action and granted a cross motion by third-party defendant for summary judgment dismissing the third-party complaint and all cross claims against it.

Plaintiff, an employee of third-party defendant, United Staffing, Inc., brought this action to recover damages he allegedly sustained in a fall from a ladder that collapsed as he was attempting to install a prefabricated fireplace in a condominium under construction. Defendant Hunter Highlands, owner of the condominium complex, retained defendant Dan Tait, Inc. (hereinafter Tait) as general contractor on the project. Tait subcontracted with defendant Damico Development, Inc.[1] for the supply and installation of the fireplace units. Damico contracted with United Staffing to provide staffing services for the installation job. Plaintiff's complaint alleges causes of action based on, *inter alia*, Labor Law §§ 240 and 241 (6).

Following commencement of plaintiff's action against Hunter, Tait and Damico, Tait instituted a third-party action against United Staffing asserting that if all or any portion of a verdict is found in favor of plaintiff against Tait, said verdict is due to the negligence of United Staffing in not providing plaintiff with proper training, supervision or a safe place to work. In such case Tait requested, *inter alia*, contribution

---

1. Defendant Albany Energy Store and Damico Development, Inc. are not separate entities. The latter is also referred to in the record as Damico, Inc. However, these entities are referred to collectively herein as Damico.

and/or indemnification from United Staffing. Tait also commenced a "third-party action" against Damico.[2]

Supreme Court denied plaintiff's motion for partial summary judgment on his first cause of action against Hunter and his fourth cause of action against Tait, finding that triable issues of fact existed as to, *inter alia*, whether any violations of Labor Law § 240 proximately caused plaintiff's fall. The court also denied Tait's cross motion for summary judgment against United Staffing and Damico. The court further denied Hunter's cross motion for summary judgment against plaintiff and Tait. Supreme Court, however, granted Hunter a conditional judgment of indemnification against Tait and United Staffing's cross motion to dismiss the third-party complaint. Tait and plaintiff appeal.

The order of Supreme Court entered September 20, 1993 should be affirmed. Accepting, arguendo, plaintiff's contention that Hunter, as owner of the premises, and Tait, as general contractor, had an absolute nondelegable duty to furnish an appropriate ladder to plaintiff and that Supreme Court erroneously considered proof from Tait that it may not have owned the ladder, Supreme Court nevertheless correctly found that there was an issue of fact as to proximate cause.

It is clear that "Labor Law § 240 (1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" (*Bland v Manocherian*, 66 NY2d 452, 459). A plaintiff must show that the violation was a proximate cause of his injuries (*see, Drew v Correct Mfg. Corp.*, 149 AD2d 893, 894). Here, the evidence on proximate cause is conflicting. Plaintiff states in an affidavit that "[s]uddenly the ladder went out from under me and I fell to the floor landing on my back and head". He describes the stepladder as extremely loose and wobbly, having bare wooden feet that were worn and rounded. He also stated that the floor was very cluttered and messy, that construction debris "covering the smooth concrete surface of the floor" made "the floor slippery". However, plaintiff testified at an examination before trial that there was nothing between the floor and the actual feet of the ladder. Plaintiff's expert witness opined, in his affidavit, that particles of debris and "the worn condition of the ladder feet" contributed to the collapse of the ladder. Further, it appears from the papers submitted that plaintiff's expert did not inspect either the actual lad-

2. As Tait and Damico are both defendants in the main action, the claims Tait asserts in this "third-party complaint" are actually cross claims.

der or the work site. Thus, in view of the conflicting testimony (*see, Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462) and the failure of plaintiff's expert to inspect the work site or the ladder, plaintiff's evidence is insufficient to establish a prima facie case as to proximate causation (*see, Fernandez v MHP Land Assocs.*, 188 AD2d 417, 418). Plaintiff's motion for partial summary judgment was therefore properly denied.

Supreme Court properly denied Tait's cross motion for summary judgment against United Staffing. Although United Staffing, under its contract with Damico, retained supervisory authority over the construction site and the protective equipment and was thus liable as an agent[3] under Labor Law § 240 (*Russin v Picciano & Son*, 54 NY2d 311, 318; *Currie v Scott Contr. Corp.*, 203 AD2d 825, 826, *lv dismissed* 84 NY2d 977), this does not absolve Tait of liability. Tait's conclusory statements that it did not control or supervise the construction site are insufficient to prove that it is not liable under Labor Law § 240. The nondelegable duty to provide safety ladders under Labor Law § 240 is imposed on owners and contractors, as well as their agents (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559). Thus, material issues of fact remain as to control and supervision at the site.

Tait's claims for indemnification likewise do not provide a basis for granting its cross motion for summary judgment against either United Staffing or Damico. Under Labor Law § 240 (1) an owner or contractor that is held liable under that statute, but does not supervise or control the job site, is entitled to indemnification from the party actually responsible for the supervision and control of the work that the plaintiff was doing when injured (*see, Kelly v Diesel Constr.*, 35 NY2d 1; *Carr v Perl Assocs.*, 201 AD2d 296, 297). As a question of fact exists as to whether United Staffing, Damico or Tait controlled and supervised the job site, Supreme Court did not err in denying Tait's cross motion for summary judgment against United Staffing.

Tait argues that since there is no evidence that it controlled, directed or supervised plaintiff's work, it is entitled to summary judgment on the issue of indemnification against Damico, which controlled the construction site. We disagree. Supreme

---

3. Tait's brief is directed only at the propriety of that part of Supreme Court's order as denied its cross motion for summary judgment against Damico and United Staffing. Thus, Tait abandoned that part of its appeal from the grant of United Staffing's cross motion for summary judgment (*see, Newburgh Fire Dept. Fund v City of Newburgh*, 178 AD2d 837). Therefore, a modification by this Court of said portion of the order is not appropriate.

Court properly ruled that questions of fact exist as to Tait's control of the work site. Stephen Kannes considered himself employed by Damico and was considered Damico's supervisor at the work site. Donald Meade, Tait's supervisor at the site, said that no other contractors had keys to the condominium units and that Tait cleaned the site of the accident before plaintiff worked there. Employees of Tait and Damico testified that they supplied ladders at the construction site. Plaintiff testified that he found the ladder in question at the construction site. Thus, a factual issue exists as to whether Tait or Damico was responsible for the equipment and condition of the work site (*see, Pazmino v Woodside Dev. Co.*, 212 AD2d 520, 521).

Finally, Supreme Court did not err in granting Hunter a conditional judgment of indemnification against Tait in the absence of proof that the liability of Hunter is other than vicarious (*see, Loper v City of Rochester*, 209 AD2d 1052, 1052-1053; *Pietsch v Moog, Inc.*, 156 AD2d 1019, 1020-1021).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.