■ Thomas Farina et al., Respondents, v Plaza Construction Co., Inc., Respondent and Third-Party Plaintiff, and Alliance Capital Management L. P., Appellant. Lasher-White Carpet Co.'s, Inc., Third-Party Defendant-Respondent. (And a Fourth-Party Action.) [655 NYS2d 952] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 21, 1996, which, *inter alia*, denied defendant Alliance Capital Management L.P.'s motion for conditional summary judgment on its cross claims for common-law indemnification against defendant and third-party plaintiff Plaza Construction Co., Inc. and third-party defendant and fourth-party plaintiff Lasher-White Carpet Co., which denied defendant Plaza Construction Co.'s cross motion to dismiss plaintiffs' Labor Law § 241 (6) cause of action and for conditional summary judgment on its claim for common-law indemnification against Lasher-White, unanimously modified, on the law, to the extent of granting Alliance Capital Management L. P.'s motion for conditional summary judgment on its cross claims for common-law indemnification against Plaza Construction Co., Inc. and/or Lasher-White Carpet Co. and otherwise affirmed, without costs.

As the IAS Court found, a question of fact exists as to the extent of the respective responsibilities of the general contractor, Plaza Construction Co., and subcontractor, Lasher-White Carpet Co., for the supervision and control of plaintiff and of the worksite. However, it was established that the liability of Alliance Capital Management L. P., the lessee of the premises being renovated, under Labor Law § 241 (6), was only vicarious, and that it had no notice of any dangerous condition at the worksite, it was entitled to a conditional judgment of indemnification against Plaza and/or Lasher-White (*see, Aragon v 233 W. 21st St.*, 201 AD2d 353; *Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980; *Kingston v Hunter Highlands*, 222 AD2d 952). A party is not barred from obtaining conditional summary judgment from more than one party (*see, e.g., Pazmino v Woodside Dev. Co.*, 212 AD2d 520). However, given

the above stated issue of fact, the court properly denied Plaza's cross motion for conditional summary judgment on its cross claim for indemnification against Lasher-White.

The IAS Court also properly denied Plaza's cross motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action since plaintiffs alleged that Plaza violated Industrial Code (12 NYCRR) § 23-1.7 (d) and (e) (1) and (2), which have been held to constitute "concrete specifications" providing a predicate for a cause of action under section 241 (6) (*Colucci v Equitable Life Assur. Socy.*, 218 AD2d 513, 514). These regulations clearly pertain to the facts herein, since the injured plaintiff alleged that he fell over debris and a machine at the worksite (*cf., Adams v Glass Fab*, 212 AD2d 972, 973). Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.