■ GEORGE ZALESKI, Plaintiff, v O'CONNOR GROUP et al., Respondents and Third-Party Plaintiffs-Respondents. UNIVERSAL CONCRETE PRODUCTS CORP., Third-Party Defendant-Appellant; A.J. MCNULTY CONSTRUCTION Co., Third-Party Defendant-Respondent. [670 NYS2d 68] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 17, 1997, which, in an action by a laborer under Labor Law § 240 (1) against the owner (O'Connor) and general contractor (Whiting-Turner) of the worksite, insofar as appealed from, denied third-party defendant subcontractor's (Universal) motion for (1) summary judgment dismissing O'Connor's and Whiting-Turner's third-party claims against it for common-law indemnification, and for (2) summary judgment on its cross claims against third-party defendant sub-subcontractor and plaintiff's employer (McNulty) for common-law and contractual indemnification and breach of contract to procure insurance, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 21, 1997, which denied Universal's motion for summary judgment as duplicative of its prior motion for summary judgment, unanimously dismissed, without costs.

Questions of fact remain as to the degree of supervision, direction and control exercised by Universal at the worksite sufficient to defeat its motion for summary judgment addressed to both O'Connor's and Whiting-Turner's third-party complaint against it and its own cross claims against McNulty (see, Kingston v Hunter Highlands, 222 AD2d 952). We would also note that Universal's subcontract gave it sufficient authority to exercise such supervision, direction and control to defeat its motion regardless of whether it actually did so (see, Rodriguez v Metropolitan Life Ins. Co., 234 AD2d 156; cf., Iveson v Sweet Assocs., 203 AD2d 741). Moreover, upon a search of the record (see, Dunham v Hilco Constr. Co., 89 NY2d 425, 429), we find factual issues as to the degree of control, if any, exercised by O'Connor and Whiting-Turner precluding summary judgment in their favor. With respect to Universal's cross claim against McNulty for breach of an alleged insurance procurement agreement, there are questions of fact remaining as to whether such an agreement exists, and, if so, whether McNulty breached it. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.