■ Ivory St. Clair et al., Respondents, v City of New York, Respondent, and Brooklyn Union Gas Company et al., Appellants. [698 NYS2d 285] —In an action to recover damages for personal injuries, the defendants Brooklyn Union Gas Company and New York Paving, Inc., separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), entered April 6, 1998, as denied their respective motions for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants to the defendant-respondent.

The appellants did not make out a prima facie showing of entitlement to judgment as a matter of law because their moving papers did not "demonstrate the absence of any material issue of fact" (*Daniels v Judelson,* 215 AD2d 623, 624; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In evaluating whether there are genuine factual issues, if the court has "any doubt as to the existence of a triable issue of fact, the motion for summary judgment should be denied" (*Daniels v Judelson,* 215 AD2d, *supra,* at 624; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223).

Although the appellants provided the dates and specific scope of the work they performed at the intersection where the automobile accident in question occurred, neither appellant definitely established whether the exposed manhole cover which caused the accident was within the area of their work. Even if we accept the appellants' computer records as sufficient evidence that they had completed their work at the intersection prior to the accident (*see, Schneider Fuel Oil v DeGennaro,* 238 AD2d 495, 496), this does not dispel doubt as to whether they left the road surface surrounding the manhole in a safe and nondefective condition. Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.