■ PATRICK GARAFOLO, Respondent, v A.M.F. WHITE PLAINS BOWL, Appellant. [715 NYS2d 662] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated March 14, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff sought damages for personal injuries sustained at the defendant's bowling alley when he allegedly slipped on oil that had been applied to the bowling lane. The defendant did not establish its entitlement to judgment as a matter of law because it failed to " 'demonstrate the absence of any material issues of fact' " (*St. Clair v City of New York,* 266 AD2d 277; *see, Daniels v Judelson,* 215 AD2d 623; *see also, Buckle v Buhre Ave. Foods,* 232 AD2d 269). Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.

■ CARLOS GARCIA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [715 NYS2d 342] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated December 6, 1999, which denied his motion to vacate the dismissal of the action pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

A court, in a proper exercise of discretion, may grant a motion to vacate the dismissal of an action pursuant to CPLR 3404, provided that the plaintiff carries his or her burden of establishing that: (1) he or she has a meritorious cause of action, (2) there was a reasonable excuse for the delay in moving to vacate, (3) there was a lack of intent to abandon the action, and (4) there is no prejudice to the defendant (*see, Knight v City of New York,* 193 AD2d 720). The plaintiff failed to satisfy the standard in this case. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.