■ HARRY WILSON et al., Plaintiffs, v CITY OF NEW YORK, Defendant, and G. PENZA & SONS, INC., Defendant and Third-Party Plaintiff-Respondent. JO-ANN MCCLEAN, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [718 NYS2d 625] —In an action to recover damages for personal injuries, etc., the third-party defendant Jo-Ann McLean, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated January 3, 2000, as denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the appellant did not establish its entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against it. The appellant failed in the first instance to "demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see, St. Clair v City of New York,* 266 AD2d 277). The testimony of various parties at their examinations before trial demonstrates that the appellant may have had actual or constructive authority to supervise the injured plaintiff's work on the scaffold from which he fell (*see, Russin v Picciano & Son,* 54 NY2d 311; *Currie v Scott Contr. Corp.,* 203 AD2d 825). Similarly, issues of fact preclude summary judgment dismissing the cause of action for contractual indemnification, as there has been no finding that the defendant third-party plaintiff, G. Penza & Sons, Inc., was negligent (*see,* General Obligations Law § 5-322.1; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786). Finally, the appellant failed to establish its entitlement to summary judgment dismissing the third-party plaintiff's cause of action to re-

cover damages for the appellant's failure to secure insurance coverage. The appellant did not establish prima facie that it had, in fact, procured the policies of insurance required by the contract. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.