■ PAMELA GREENSTEIN et al., Appellants, v R & R OF G.C., INC., Doing Business as WENDY's, Respondent. [854 NYS2d 754]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 18, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she slipped and fell at approximately 5:00 P.M. near the condiment section of the defendant's restaurant on a greasy spot that appeared to have been caused by mopping the area with a greasy mop. In order to prevail on its motion for summary judgment dismissing the complaint, the defendant was required to establish its entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the

condition that allegedly caused the plaintiff to fall (*see Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659, 660 [2006]; *Scheer v Pathmark Stores*, 6 AD3d 520, 520-521 [2004]; *Seneglia v FPL Foods*, 273 AD2d 221 [2000]). The deposition testimony of the defendant's manager, upon which the defendant relied, was insufficient to meet this burden. The manager testified that the area in which the plaintiff allegedly fell was regularly mopped after 2:30 P.M. and again at 10:00 P.M., which was closing time. Although the defendant's procedures required that a blue mop, which was used to clean the kitchen and tended to become greasy, was not to be used to clean the restaurant, the manager was not present on the day of the alleged accident and thus had no personal knowledge as to whether the correct mop was used that day. As a result, the evidence submitted by the defendant in support of the motion did not exclude the possibility that the greasy spot where the plaintiff allegedly fell had been created by the use of the wrong mop shortly before the alleged accident. The Supreme Court erred, therefore, in granting the defendant's motion for summary judgment because it failed to establish its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Garafolo v A.M.F. White Plains Bowl*, 277 AD2d 283 [2000]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Weingrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.