Morejon v New York City Tr. Auth. (2023 NY Slip Op 03007)

Morejon v New York City Tr. Auth.

2023 NY Slip Op 03007

Decided on June 7, 2023

Appellate Division, Second Department

Maltese, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-02383
 (Index No. 8306/15)

[*1]Frank Morejon, et al., plaintiffs-respondents,
v
New York City Transit Authority, et al., defendants-respondents, City of New York, appellant, et al., defendants.

APPEAL by defendant City of New York, in an action, inter alia, to recover damages for personal injuries, etc., from an order of the Supreme Court (Katherine A. Levine, J.), dated October 25, 2019, and entered in Kings County. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Tahirih Sadrieh of counsel), for appellant.
Louis Grandelli, P.C., New York, NY (Moses Ahn of counsel), for plaintiffs-respondents.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for defendants-respondents.

MALTESE, J.

OPINION & ORDER
In this appeal in a personal injury action, the issue is whether the defendant City of New York established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it. We take this opportunity to discuss the important analytical framework set forth by this Court in Smith v City of New York (210 AD3d 53), and to explain why this particular case presents an exception to that framework.
On February 7, 2015, the plaintiff Frank Morejon (hereinafter the injured plaintiff) and the plaintiff Mariely Rodriguez were standing on a subway platform at the Lorimer Street station in Brooklyn when a piece of concrete allegedly fell from above and knocked the injured plaintiff unconscious. The sidewalk above the subway platform was adjacent to property located at 558 Metropolitan Avenue.
The plaintiffs commenced this action, alleging, inter alia, that the defendants New York City Transit Authority and Metropolitan Transportation Authority (hereinafter together the MTA defendants) and the City were negligent in maintaining the subway station and the street-level sidewalk above the station. The plaintiffs further alleged that the City created a dangerous condition on the sidewalk above the station.
Prior to the completion of discovery, the City moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The plaintiffs opposed the motion, as did the MTA defendants. The MTA defendants contended that the City's own motion papers, which included a street opening permit issued to a construction company for "tree pits" along [*2]Metropolitan Avenue between Union Avenue and Lorimer Street, raised a triable issue of fact as to whether the City created the dangerous condition. The Supreme Court denied the City's motion, with leave to renew, determining that triable issues of fact exist regarding the City's "tree planting/maintenance permits." The City appeals. We affirm.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Antonyuk v Brightwater Towers Condo Homeowners' Assn., Inc., 147 AD3d 711, 712; Bartels v City of New York, 125 AD3d 583, 587). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231; St. Clair v City of New York, 266 AD2d 277, 277). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Derise v Jaak 773, Inc., 127 AD3d 1011, 1011). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (see Stukas v Streiter, 83 AD3d 18, 23).
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
"To establish prima facie entitlement to judgment as a matter of law, the defendant municipality must show, prima facie, the lack of prior written notice; once the defendant establishes that it lacks prior written notice, the burden then shifts to the plaintiff to demonstrate either that a question of fact exists in that regard or that one of the exceptions applies" (Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 922; see Smith v City of New York, 210 AD3d 53). The only recognized exceptions to the statutory prior written notice requirement set forth in Administrative Code of the City of New York § 7-201(c)(2) involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality (see Yarborough v City of New York, 10 NY3d 726, 728).
As this Court explained in Smith v City of New York (210 AD3d at 55), "[w]here a locality establishes, prima facie, that it was not provided with prior written notice, the burden shifts to the plaintiff to demonstrate the applicability of an exception to that defense." "[T]his burden-shifting standard should be applied even when the complaint affirmatively alleges that an exception is applicable" (id. at 55-56).
Generally, assuming that the alleged dangerous condition falls within the scope of Administrative Code § 7-201(c)(2), under the framework set forth in Smith v City of New York, the City would have the initial burden to show that it lacked prior written notice. Here, however, the City does not argue on appeal that it lacked prior written notice of the alleged defect. Therefore, we do not address this issue. Because the burden did not shift to the plaintiff to demonstrate the applicability of an exception to the prior written notice defense (cf. Smith v City of New York, 210 AD3d 53), we consider instead whether the City made a prima facie showing that, contrary to the allegations in the complaint, it did not cause or create the alleged dangerous condition.
Here, the City failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it (see generally Yarborough v City of New York, 10 NY3d at 728). As the Supreme Court noted, the City annexed to its motion papers street opening permits for "tree pits" along Metropolitan Avenue between Union Avenue and Lorimer Street effective from March 25, 2014, to June 1, 2014, and from October 17, 2014, to December 31, 2014. Neither in its initial moving papers nor in its reply papers responsive to the MTA defendants' argument on this issue did the City submit evidence that the construction company's preparation of tree pits above the subway station did not cause or create the [*3]defective condition which allegedly caused the injured plaintiff's accident.
Since the City failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the order is affirmed.
RIVERA, J.P., FORD and TAYLOR, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs to the respondents.
ENTER:
Maria T. Fasulo
Clerk of the Court