Basil v Renny (2024 NY Slip Op 06324)

Basil v Renny

2024 NY Slip Op 06324

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-08901
 (Index No. 616311/21)

[*1]Robert J. Basil, appellant, 
v
Gus Renny, etc., respondent.

Bronstein, Gewirtz & Grossman, LLC, New York, NY (Neil Grossman of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Michael S. Amato and Kassandra Polanco of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to enforce a judgment of the Superior Court of New Jersey, Burlington County, dated May 15, 2009, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated October 12, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment declaring that "Gustave Zurak," "Gustav Zurak," and "Gustav Zurak-Renny" are aliases of Gus Renny and on the cause of action for postjudgment interest pursuant to New Jersey Court Rule 4:42-11(a).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the cause of action for postjudgment interest pursuant to New Jersey Court Rule 4:42-11(a), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff's predecessors in interest commenced an action in New Jersey against Gus Renny, among others. In 2009, the plaintiff's predecessors in interest obtained a judgment, upon Gus Renny's default at trial, from the Superior Court of New Jersey, Burlington County, for the payment of money against Gus Renny, among others (hereinafter the New Jersey judgment). The New Jersey judgment declared that Gus Renny used the aliases "Gustav Zurak" and "Gustav Zurak-Renny" to conduct his business. In 2015, the New Jersey judgment was assigned to the plaintiff and, upon the plaintiff's application, filed in New York.
By a recorded deed dated October 15, 2007, certain real property in Nassau County was conveyed to three individuals, including "Gustave Zurak."
In 2021, the plaintiff commenced this action to enforce the New Jersey judgment, for a judgment declaring that "Gustave Zurak," "Gustav Zurak," and "Gustav Zurak-Renny" are aliases of Gus Renny, and for postjudgment interest. The plaintiff moved, inter alia, for summary judgment declaring that "Gustave Zurak," "Gustav Zurak," and "Gustav Zurak-Renny" are aliases of Gus Renny and on the cause of action for postjudgment interest pursuant to New Jersey Court Rule 4:42-11(a). In an order dated October 12, 2022, the Supreme Court, among other things, denied those [*2]branches of the plaintiff's motion. The plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact" (Morejon v New York City Tr. Auth., 216 AD3d 134, 136; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Morejon v New York City Tr. Auth., 216 AD3d at 136; see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). "If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied" (Morejon v New York City Tr. Auth., 216 AD3d at 136).
Here, the plaintiff failed to demonstrate, prima facie, that "Gustave Zurak" is an alias of Gus Renny (see Frost v Collateral Partners, LLC, 219 AD3d 587, 588). Contrary to the plaintiff's contention, Gus Renny did not fail to deny in his answer that "the individual calling himself 'Gustave Zurak' is the same individual who also calls himself 'Gus Renny'" (see CPLR 3018[a]).
Contrary to the plaintiff's further contention, the plaintiff failed to demonstrate that the Full Faith and Credit Clause requires a judgment declaring that "Gustave Zurak" is an alias of Gus Renny (see US Const, art IV, § 1). "The full faith and credit requirement, which encompasses the doctrines of res judicata and collateral estoppel, precludes any inquiry into the merits of the judgment, the logic or consistency of the decision underlying it or the validity of the legal principles on which it is based" (Feng Li v Peng, 161 AD3d 823, 826 [citations and internal quotation marks omitted]). "'The doctrine establishes a rule of evidence . . . which requires recognition of the foreign judgment as proof of the prior out-of-state litigation and gives it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another'" (Balboa Capital Corp. v Plaza Auto Care, Inc., 178 AD3d 646, 647-648, quoting Matter of Farmland Dairies v Barber, 65 NY2d 51, 55). "'[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding'" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349, quoting Ryan v New York Tel. Co., 62 NY2d 494, 501). Here, the New Jersey judgment makes no reference to the alleged alias "Gustave Zurak," and the complaint alleges that the New Jersey court "did not have occasion to consider whether 'Gustave Zurak' was another alias used by this same individual" (see 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 967).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment declaring that "Gustave Zurak" is an alias of Gus Renny (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for postjudgment interest pursuant to New Jersey Court Rule 4:42-11(a). Generally, "[p]ostjudgment interest is a procedural matter governed by the law of the forum" (Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs., Co., 117 AD3d 609, 613; see Wells Fargo & Co. v Davis, 105 NY 670, 672). Here, however, the plaintiff, in his moving papers, waived his right to the higher New York interest rate of 9% from the date of the New Jersey judgment to the date of the New York award (see CPLR 5003, 5004[a]). Accordingly, the plaintiff established his entitlement to postjudgment interest from the date of the New Jersey judgment pursuant to New Jersey Court Rule 4:42-11(a), which sets forth the interest on judgments for the payment of money except as otherwise ordered by the court or provided by law (see John Galliano, S.A. v Stallion, Inc., 62 AD3d 415, 416, affd 15 NY3d 75).
The parties' remaining contentions are without merit.
DILLON, J.P., GENOVESI, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court