Smith v Kixby Hotel (2025 NY Slip Op 00068)

Smith v Kixby Hotel

2025 NY Slip Op 00068

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 154733/21 Appeal No. 3405 Case No. 2024-01864 

[*1]Curtis S. Smith, Plaintiff-Respondent,
v
The Kixby Hotel, et al., Defendants-Appellants, Bowery Residents Committee, Defendant-Respondent, 'John Doe' (Fictitious Name of the Assailant), Defendant.

Hickey Smith Dodd LLP, New York (Mark S. Grodberg of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Bowery Residents Committee, respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered February 26, 2024, which denied the motion of defendants The Kixby Hotel and 45 West Hotel Limited Partnership (collectively Kixby) to dismiss the complaint and/or for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly found that Kixby's motion for summary judgment was premature since discovery was in the early stages (see Burlington Ins. Co. v 54th St. Auto Ctr., Inc., 208 AD3d 401 [1st Dept 2022]). It is likely that needed proof may be within Kixby's exclusive knowledge; plaintiff and defendant Bowery Resident Committee's claims may likely be supported by something other than mere hope and conjecture, and the parties are proceeding with discovery (see Voluto Ventures, LLC v Jenkins & Gilchrist Parker Chapin LLP, 44 AD3d 557 [1st Dept 2007]).
Kixby failed to sustain its burden of demonstrating as a matter of law that it had no duty to plaintiff and was not negligent. The documents and videotape it submitted were inadmissible since they were not authenticated by a person with knowledge, and some of the relevant contracts were not signed by all parties (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). No evidence was presented demonstrating that the individuals in the videotape were plaintiff and his assailants, and no information was provided by a person with knowledge as to where and how the tape was made.
Furthermore, Kixby contends that as an out-of-possession landlord it had no duty to plaintiff. However, assuming the authenticity of the Hotel Use Agreement, Kixby was required to have on-site staff as an emergency contact, on-site management, and to make repairs. It was further permitted to enter the premises at any time for inspection and maintenance. Thus, it had retained some degree of control over the premises.
Finally, the court properly declined to dismiss the complaint and all cross-claims against Kixby pursuant to CPLR 3211(a)(7) because a cause of action was stated.
We have considered Kixby's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025