**Lee v Barma Taxi Inc.**

2025 NY Slip Op 30514(U)

February 13, 2025

Supreme Court, New York County

Docket Number: Index No. 152519/2022

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JAMES G. CLYNES

*Justice*

PART    22M

-----------------------------------------------------------------------X

TERRELLE LEE,

Plaintiff,

- v -

BARMA TAXI INC., CHEIKH MBAYE

Defendants.

-----------------------------------------------------------------------X

INDEX NO.          152519/2022

MOTION DATE        09/23/2024, 09/23/2024

MOTION SEQ. NO.    001 002

DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 44, 45, 46, 47, 48, 51, 52, 56

were read on this motion to/for            JUDGMENT - SUMMARY            .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 41, 43, 49, 50, 53, 54, 55

were read on this motion to/for            SUMMARY JUDGMENT (AFTER JOINDER)        .

Upon the foregoing documents and following oral argument, the motion by Plaintiff for summary judgment on the issue of liability and to dismiss Defendants' Third Affirmative Defense (Motion Sequence #1) and the motion by Defendants for summary judgment on the issue of liability (Motion Sequence #2) are consolidated for decision and are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of an accident between Decedent-Pedestrian, Mae Bell Powell, and a vehicle owned by Defendant Barma Taxi and operated by Defendant Mbaye. Plaintiff was duly appointed as Administrator of the Estate of Mae Bell Powell, deceased.

In support of her motion, Plaintiff relies on, in pertinent part, the examination before trial testimony of Plaintiff and Defendant Driver, a certified police accident report, a certified autopsy report, and an image from the NYPD video showing the intersection of 46th Street and 8th Avenue.

Defendant Driver testified that he was on the lookout for passengers when he pulled up to a red light, he was not on his cell phone, after 45 seconds to approximately one minute, the light

152519/2022  LEE, TERRELLE vs. BARMA TAXI INC. ET AL
Motion No. 001 002

Page 1 of 4

[* 1]

turned green, he proceeded slowly into a left-hand turn, when he crossed the crosswalk, he heard a noise under the car, he noticed he was on top of something, and then reversed off.

Plaintiff testified that she received a phone call from her sister who told her that her mother was involved in an accident and that she passed away.

The certified police accident report indicates that Defendant Driver entered the intersection and came to a full stop, while pedestrians were crossing, Plaintiff fell in front of Defendants' vehicle, Plaintiff did not get up, Defendant Driver did not notice, and then Defendant proceeded forward.

In opposition, Defendants contend that Defendant Driver was operating the vehicle in a prudent and reasonable manner, and that due to how Decedent suddenly stumbled off the sidewalk and dove to the ground in front of the vehicle operated by Defendant Mbaye at such an angle that he would not be able to see her. Defendants submit a video recording of the accident and an affirmation by Defendant Driver.

In reply, Plaintiff contends that the video is not in admissible form.

As a preliminary matter, the Court finds that the video evidence submitted by Defendants is admissible. Videotapes submitted must be authenticated by a person with knowledge (*Smith v Kixby Hotel*, ___AD3d___, 2025 NY Slip Op 00068 [2025]). Here, although at Defendant Mbaye's examination before trial, he did not recognize the location depicted in the video, he submitted an affirmation explaining that the footage is an accurate depiction of the subject incident, and at the time of his deposition, he "was viewing the video on my cellphone, but [he] ha[s] now been able to view the video more clearly and it is an accurate depiction of the subject incident that took place on June 12, 2021." Accordingly, the video has been authenticated and is admissible.

Nonetheless, Defendants have failed to raise an issue of fact as to their liability.

The proponent of a summary judgment motion must establish that there are no triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The moving party bears the burden of making a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form, demonstrating there is an absence of material issues of fact (*Bazdaric v Almah Partners LLC*, 41 NY3d 310 [2024] *citing Alvarez* at 324). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v*

[* 2]

*NY Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the moving party has met the initial burden, the opposing party must demonstrate evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez* at 324). "If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied" (*Morejon v NY City Tr. Auth.*, 216 AD3d 134, 136 [2d Dept 2023]).

Plaintiff has established entitlement to judgment on liability as a matter of law. It is undisputed that Defendant Mbaye failed to see Decedent before striking her. Defendant Driver had a duty to exercise due care in the operation of his vehicle and avoid colliding into Plaintiff (VTL 1146). Thus, Defendants have failed to raise a triable issue of fact and Plaintiff's motion for summary judgment is granted as to Defendants' liability.

The Court of Appeals has held that a plaintiff may be entitled to partial summary judgment on the issue of a defendant's liability even if a defendant raises an issue of fact regarding a plaintiff's comparative negligence (*Carlos Rodriguez, Appellant, v City of NY, Respondent.*, 31 NY3d 312 [2018]). The issue of a plaintiff's comparative negligence is addressed and determined when considering the damages that a defendant owes to a plaintiff (*Id.* at 3). To be entitled to summary judgment on the issue of liability, a plaintiff is not required to demonstrate the absence of fault on her part *(Rodriguez v City of New York*, 31 NY3d 312 [2018]). Nor is she required to establish that defendant's conduct was the sole proximate cause of the accident. (*Simmons v Bergh*, 192 AD3d 547 [1st Dept 2021]).

In this case, Defendants have raised an issue of fact as to whether Defendant Mbaye's conduct was the sole cause of the accident. Therefore, the branch of Plaintiff's motion to dismiss Defendant's Third Affirmative Defense is denied. For the reasons set forth above, Defendants' motion for summary judgment and dismissal of Plaintiff's Complaint is denied.

Accordingly, it is

**ORDERED** that the motion by Plaintiff for summary judgment on the issue of liability is granted; and it is further

**ORDERED** that the motion by Plaintiff to dismiss Defendants' Third Affirmative Defense is denied; and it is further

152519/2022   LEE, TERRELLE vs. BARMA TAXI INC. ET AL                          Page 3 of 4
Motion No. 001 002

3 of 4

**ORDERED** that the motion by Defendants for summary judgment on the issue of liability (Motion Sequence #2) is denied; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| __2/13/2025__ | | _James G. Clynes_ |
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152519/2022  LEE, TERRELLE vs. BARMA TAXI INC. ET AL    Page 4 of 4
Motion No.  001 002