Laris v City of New York (2025 NY Slip Op 01209)

Laris v City of New York

2025 NY Slip Op 01209

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-08065
 (Index No. 515452/18)

[*1]Judith Laris, plaintiff-respondent, 
v
City of New York, defendant, Kamal Equity Company, LLC, defendant- respondent, Moufed Farraj, appellant (and a third-party action).

Rankin Savidge, PLLC (Thomas Torto, New York, NY, of counsel), for appellant.
Greenstein & Milbauer, LLP (The Law Offices of Arnold E. DiJoseph, P.C., Staten Island, NY [Arnold E. DiJoseph III], of counsel), for plaintiff-respondent.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for defendant-respondent.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Jeremy Pepper of counsel), for defendant City of New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Moufed Farraj appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated September 7, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On March 8, 2018, the plaintiff allegedly slipped and fell on a patch of snow or ice on a sidewalk in Brooklyn and sustained injuries. The plaintiff commenced this action to recover damages for personal injuries against the defendant Kamal Equity Company, LLC, which, at time of the accident, owned property located at 106 Dahill Road; the defendant Moufed Farraj, who, at the time of the accident, owned property located at 104 Dahill Road; and the defendant City of New York.
Farraj moved, inter alia, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him, arguing that the accident occurred on the sidewalk in front of 106 Dahill Road and not on the sidewalk in front of 104 Dahill Road. In an order dated September 7, 2022, the Supreme Court, among other things, denied those branches of the motion. Farraj appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material [*2]issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (id.). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Morejon v New York City Tr. Auth., 216 AD3d 134, 136). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (see Stukas v Streiter, 83 AD3d 18, 23).
Here, contrary to Farraj's contention, he failed to establish his prima facie entitlement to judgment as a matter of law. The evidence submitted in support of his motion, when viewed in the light most favorable to the nonmoving parties, revealed a triable issue of fact as to the location of the plaintiff's accident (see LaGuarina v Metropolitan Tr. Auth., 109 AD3d 793, 795). Accordingly, the Supreme Court properly denied those branches of Farraj's motion which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court